UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

03  12609 DPW  2: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,
          Plaintiffs

vs.

DERBES REALTY TRUST,
          Defendant

and

WEYMOUTH CO-OPERATIVE BANK,
          Trustee

MAGISTRATE JUDGE Bowler

C.A. No. 52731

AMOUNT $150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TOM
12-29-03

## COMPLAINT

### NATURE OF ACTION

1.     This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145, by employee benefit plans to enforce the obligations to make contributions to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.   The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.   Plaintiff Paul J. McNally is a Trustee of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4.   Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5.   Plaintiff Martin F. Walsh is a Trustee of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6.   Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

2

7. Plaintiff Paul J. McNally is a Trustee of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Legal Services and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

9. Defendant Derbes Realty Trust (hereinafter "Derbes" or "the Employer") is a Massachusetts corporation with a principle place of business at 44 Branch Street, Quincy, Massachusetts and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

10. Weymouth Co-operative Bank is a banking institution holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

11. On or about December 2, 1981, defendant Derbes agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds; and to any successor agreements. A copy of Derbes' signed agreement ("short form agreement") is attached hereto as Exhibit A.

12. Because of the short form agreement, Derbes has been a party to successive collective bargaining agreements, including the agreement which is effective from June, 2004 through May, 2007. A copy of the relevant portions of this Agreement is attached hereto as Exhibit B.

3

13. This Agreement, like its predecessor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees. The Agreement specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe.

## COUNT I - VIOLATION OF ERISA -DELINQUENT CONTRIBUTIONS

14. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-13 supra.

15. On or about February 26, 2002, an auditor employed by Plaintiff Funds conducted an audit of Derbes' books and records for the period January, 2000 through December, 2001.

16. The Funds' auditor determined that Derbes owed the Funds $23,235.32 in unpaid contributions for the period covered by the audit, together with $9,492.45 in underpayments and interest on late paid contributions.

17. On or about March 27, 2002, a letter was sent from the Funds' auditor to Derbes, notifying it of Derbes' unpaid contributions.

18. When Derbes failed and refused to pay, counsel for Plaintiff Funds, sent Derbes a letter, on or about June 2, 2003, demanding payment of the audit balance, underpayments and interest.

19. Thereafter, Derbes made certain payments to the Funds, reducing its audit balance to $18,735.32.

20. However, an audit conducted October 16, 2002, revealed a new delinquency of $2,777.60 for the period February through August, 2002, bringing the unpaid contribution liability through August, 2002 to $21,512.92.

4

21. Thereafter, Derbes made certain additional payments, reducing the balance to $13,087.00 for work performed through August, 2002.

22. To date, Derbes has failed and refused to pay the Funds the $13,087.00 in contributions due for the period through August, 2002, and may be liable for additional obligations incurred thereafter.

23. The failure of Derbes to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreement violates §515 of ERISA, 29 U.S.C. §1145.

24. Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, as determined at the audit and refuse to submit Remittance Reports and pay contributions now due and owing, and the Funds and their participants will be irreparably damaged.

25. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a. Order the attachment by trustee process of the bank accounts of Derbes held by Weymouth Co-operative Bank;

b. Order the attachment of the machinery, inventory and accounts receivable of defendant Derbes;

c. Order defendant Derbes to make available to Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records, weekly payroll registers,

5

certified payrolls, cash disbursement journals and a complete listing of all job locations for the period September 1, 2002 until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions;

    d.    Enter a preliminary and permanent injunction enjoining Derbes from refusing or failing to make contributions to Plaintiff Funds and from refusing or failing to permit Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

    e.    Enter judgment in favor of the Plaintiff Funds in the amount of $13,087.00 plus any additional amounts determined by the Court to be owed by Derbes or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2); and

    f.    Such further and other relief as this Court deem appropriate.

Respectfully submitted,

PAUL J. MCNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

*Anne R. Sills*
Anne R. Sills, Esquire
BBO #546576
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA  02108
(617) 742-0208

Dated: December 23, 2003

ARS/ars&ts
6306 02-208/complt.doc