UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,
    Plaintiffs

vs.

DERBES REALTY TRUST,
    Defendant

and

WEYMOUTH CO-OPERATIVE BANK,
    Trustee

C.A. No. 03-12609 DPW

## AFFIDAVIT OF PHILIP MACKAY

1. My name is Phil Mackay. I am the Collections Agent for the Massachusetts Laborers' Benefit Funds ("the Funds").

2. On or about December 2, 1981, Derbes Realty Trust ("Derbes") signed an agreement whereby it agreed to be bound to the terms of the Restated Agreements and Declarations of Trust establishing the Funds, to the terms of collective bargaining agreements requiring contributions to the Funds, and to any successor agreements. A true and accurate copy of Derbes' signed agreement (the "Agreement") is attached to the Complaint as Exhibit A.

3. Derbes thus became party to successive Collective Bargaining Agreements, including the agreement that was effective from June, 2000 through May, 2004. A true and

accurate copy of the relevant portions of this Collective Bargaining Agreement is attached to the Complaint as Exhibit B.

4. Under the Collective Bargaining Agreement, employers are required to make contributions to the Funds for each hour worked by covered employees by the twentieth day of the month after the month in which work was performed. The Collective Bargaining Agreement also specifies the amount to be contributed by an employer to each of the Funds for each hour worked.

5. Further, employers are required to submit remittance reports, on which employers are to calculate the payments they owe.

6. Article XX of the Collective Bargaining Agreement provides for interest to be paid by the employer on delinquent contributions, at a rate prescribed under Section 6621 of the Internal Revenue Code of 1954. It also provides for liquidated damages equal to the unpaid interest or in an amount of 20% of the amount of the delinquency or such other percentage as may be permitted under federal or state law. Further, it provides that the delinquent employer will pay reasonable attorney's fees and costs of the action.

7. On or about February 26, 2002, an auditor employed by the Funds conducted an audit of Derbes' books and records for the period January, 2000 through December, 2001.

8. The Funds' auditor determined that Derbes owed the Funds $23,235.32 in unpaid contributions for the period covered by the audit, together with $9,492.45 in underpayments and interest on late paid contributions.

9. A letter was sent to Derbes on or about March 7, 2002, notifying Derbes of its unpaid contributions. A true and accurate copy of that letter is attached hereto as Exhibit 1.

10. When Derbes failed and refused to pay, counsel for the Funds sent Derbes a letter on or about June 3, 2002, demanding payment of the audit balance, underpayments, and interest.

11. Thereafter, Derbes made certain payments to the Funds, reducing its audit balance to $18,735.32.

12. However, a separate audit was undertaken on or about October 16, 2002, which revealed a new delinquency of $2,777.60 for the period of February through August, 2002. This brought the unpaid contribution liability through August, 2002 to $21,512.92. A true and accurate copy of the letter notifying Derbes of the results of this second audit is attached hereto as Exhibit 2.

13. While Derbes made certain additional payments in subsequent months, a third audit, undertaken on or about July 23, 2004, found that Derbes continued to owe $13,074.60 in unpaid contributions and that it now owed $11,002.78 in underpayments and interest on late-paid contributions. A true and accurate copy of the letter notifying Derbes of the results of this third audit is attached hereto as Exhibit 3.

14. To date, Derbes has failed and refused to pay the $13,074.60 it owes in unpaid contributions or the updated figure of $11,011.16 it owes in underpayments and interest on late-paid contributions.

15. Derbes would owe $3,592.83 in interest on the unpaid contributions if those contributions were paid by September 30, 2004.

16. Finally, $2,614.92 in liquidated damages is due under the terms of Article XX of the Collective Bargaining Agreement.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 27th DAY OF SEPTEMBER, 2004.

3



Philip Mackay

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Affidavit has been served by certified and first class mail upon Derbes Realty Trust at 44 Branch Street, Quincy, MA 02169 this 27 day of September, 2004.

Gregory A. Geiman, Esquire

ARS/gag&rs
6306 02-208/affmackay.doc

4